THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| THOMAS HILL, an individual, | CASE NO. C20-1478-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| BUILDER SERVICES GROUP, INC., a foreign corporation, BRIAN BUNCH and JANE DOE BUNCH and the marital community comprised thereof, | |
| Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on the parties' letter submissions (Dkt. Nos. 20, 21). On Friday, November 13, 2020, counsel for Defendants emailed the Court asking for a telephonic hearing under Local Civil Rule 7(i). Because it appeared the parties had not yet met and conferred in good faith to resolve the issue without Court intervention, the Court ordered the parties to do so and instructed that if the parties were unable to resolve the dispute and agreed that expedited consideration was appropriate, they could file letter briefs setting forth the parties' positions on Monday, November 16, 2020.

On Monday, November 16, 2020, Defendants filed a letter brief arguing that an email

MINUTE ORDER
C20-1478-JCC
PAGE - 1

communication sent by Plaintiff's counsel to Defendant Brian Bunch and to other employees of Defendant Builder Services Group, Inc. violated RPC 4.2, RPC 7.3, and raised corporate attorney-client privilege issues. (*See generally* Dkt. No. 20.) Defendants ask the Court to disqualify Plaintiff's counsel or, in the alternative, to prohibit Plaintiff from using any information or documents received in response to the communication. (*Id.* at 2.) Plaintiff argues that the issue is not appropriate for consideration on expedited letter briefs, that expedited consideration without full briefing will prejudice Plaintiff, and that Defendants' letter brief was improperly filed because the parties had not agreed to seek expedited consideration of the matter. (*See generally* Dkt. No. 21.)

Having fully considered the parties' briefing and the relevant record, the Court finds that consideration of the matter on an expedited basis is not warranted. The Court will benefit from fuller briefing, and based on the reported status of the dispute and the type of relief requested by Defendants, no unique urgency or specific prejudice will result if the parties address the matter by filing motions in the ordinary course. Accordingly, the Defendants' request for a telephonic hearing or a ruling on the letter briefs is DENIED without prejudice.

DATED this 17th day of November 2020.

<u>William M. McCool</u>
Clerk of Court

<u>s/Paula McNabb    </u>
Deputy Clerk